Melvin H. BELL, Franz Lissauer and Morrison Feldman, Executors of the Estate of Samuel W. Rice, Deceased, Transferee of the Assets of Ribe Holding Company, Dissolved, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1199-53.

United States District Court
D. New Jersey.

May 9, 1960.

Harold Kamens, Newark, N. J., for plaintiffs; William A. Ancier, Newark, N. J., of counsel.

Chester A. Weidenburner, U. S. Atty., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., Jack F. Blair, Atty., Dept. of Justice, Washington, D. C., appearing for the Government.

MEANEY, District Judge.

In this action the plaintiffs allege erroneous assessment and collection of certain taxes and seek refund thereof.

The testimony and exhibits establish the following facts:

Ribe Holding Co., a New Jersey corporation, was the owner of real estate in Newark, N. J. This real estate was listed for sale with a broker in 1950, and it was represented that the stockholders, rather than the corporation itself, were to be the sellers, even though title to the real estate was in the corporation. The corporation was closely held and controlled, Samuel Rice, Melvin Bell and Florence Bell being the stockholders, officers and directors. A purchaser was found and a bargain was struck. At a meeting on December 14, 1950, the attorney for the corporation proceeded to dictate a contract of sale which set out the stockholders as grantors. The attorney for the purchaser objected, since the corporation was the owner of record, and refused to go through with the purchase unless the contract was drawn in accordance with the record of title. So that the sale would not be lost, the contract was drawn in the name of the corporation as grantor. A check representing a deposit on the purchase price was drawn payable to the order of the corporation. The corporation and the broker were the parties to a commission agreement executed on the same day.

Shortly thereafter the corporation was dissolved, all corporate business ceased, and the same individuals who were the principals of the corporation formed a partnership. This parcel and another parcel, which were the sole assets of the corporation, were transferred to the partnership.

On February 14, 1951, the date set for closing, the deed to the real estate in question emanated from the former stockholders of the dissolved corporation to the purchaser. The corporation did not include the gain from the sale in its income tax return, but the Internal Revenue Service regarded the sale as that of the corporation rather than that of the individuals and assessed a deficiency against the transferee of the assets of the corporation. The deficiency was paid and this suit followed.

The Internal Revenue Code of 1939, as amended, and the cases decided thereunder must control the disposition of this action, since all of the pertinent events took place prior to the effective date of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1 et seq.

Kaufmann v. Commissioner of Internal Revenue, 175 F.2d 28 (3 Cir., 1949) is squarely in point and the court regards it as controlling. If anything, the instant action presents facts more favorable to the taxing authorities than did the Kaufmann case. In the instant action the contract of sale was executed by the corporation, while in Kaufmann the stockholders themselves, through their attorney-in-fact, executed the contract of sale.

As to the representations that negotiations for sale were on behalf of the stockholders, even though the corporation owned the property, this court cannot give effect to them in the absence of substantiating formal action. The corporation should have been dissolved before negotiations were commenced.

Nor can the court give legal effect to the argument that the contract was only executed by the corporation, rather than by the stockholders individually, because of the danger of losing the sale. What-ever pressure may have been exerted upon the sellers was a result of their own failure to doff the corporate form in accordance with their professed intention. As individuals they could not lawfully have avoided the contract of the corporation to sell, which binding contract had been entered into before the transfer of the property by the corporation to the individuals.

The Internal Revenue Service was correct in regarding the sale as that of the corporation.

This opinion shall serve as findings of fact and conclusions of law.